# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00034-CV

---

**Luther W. Cobb, Sr., Appellant**

**v.**

**Joseph Campbell, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 261,263-D, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Luther W. Cobb, Sr., acting pro se, filed a notice of appeal in January 2020, but he does not identify an appealable order or final judgment that he is appealing from in the notice. He references "the motion 'request continuance.'"

On February 4, 2020, the Clerk of this Court advised Cobb that it appears that this Court lacks jurisdiction over this matter because this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order which has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *McKinnon v. Wallin*, No. 03-18-00612-CV, 2019 Tex. App. LEXIS 552, at *4 (Tex. App.— Austin Jan. 30, 2019, no pet.) (mem. op.) (dismissing appeal because appellant failed to identify final judgment or appealable order that would support court's jurisdiction). The Clerk requested

that Cobb file a response by February 14, 2020, explaining how this Court may exercise jurisdiction over this appeal and advised him that the failure to do so would result in the dismissal of this appeal. *See* Tex. R. App. P. 42.3(a).

In response, Cobb filed a letter with this Court on February 12, 2020, in which he states that his notice of appeal is premature and references a "Reply and Motion for Rehearing for Appointment of Attorney Ad Litem." He also filed a motion to stay the trial court proceedings. In this motion, Cobb seems to be arguing that the final decree of divorce between Cobb and his ex-wife was void because "someone lined through 266,263-D and wrote 261,263-D." The clerk's record contains the final decree of divorce showing the cause number of 266,263-D struck through and 261,263-D hand-written in its place as the cause number. The trial court signed this decree on February 18, 2014, and the decree reflects that Cobb appeared by telephone for the final hearing in November 2013.

The underlying case in this appeal, however, concerns Joseph Campbell's petition that was filed in July 2019 to modify the parent-child relationship between Cobb and his child.[1] Cobb has failed to identify a final judgment or appealable order in the underlying case that supports this Court's jurisdiction. Because Cobb has not explained how this Court may exercise jurisdiction over this appeal, we dismiss this appeal for want of jurisdiction and deny his motion to stay the trial court proceeding.[2]

---

[1] According to the affidavit that Campbell filed in support of his petition, he is the child's stepfather. He was married to Cobb's ex-wife, who is deceased and was the child's mother.

[2] On this same date, this Court has dismissed Cobb's related appeals in this Court's cause numbers 03-20-00035-CV, 03-20-00036-CV, and 03-20-00037-CV.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   February 20, 2020